### HANSEN *v.* OWENS *et al.*

In order to support a claim of prescription, possession must be continuous. While temporary vacancy resulting from change of tenants or the like may not necessarily destroy the continuity, it was error to charge broadly as follows: "I charge you that if you find from the evidence that the land in dispute was turpentined for any given period of time, and then the turpentining ceased, and that under the rules of law given you in charge there was no other possession for a period of several years, and that after the expiration of several years the land was again taken in possession under the same title, or by any one claiming under the same title, then I charge you that you could not tack the possession thus separated so as to treat them as one continuous possession; unless you find from the evidence such acts with reference to the land committed by the one claiming the land, or any one holding under the claimant of the land, as would indicate to your minds that such possession had not been abandoned."

FEBRUARY 28, 1912. REHEARING DENIED FEBRUARY 29, 1912.

Complaint for land. Before Judge Whipple. Ben Hill superior court. December 3, 1910. (See 132 *Ga.* 648.)

*Haygood & Cutts,* for plaintiff in error.

*Edgar Latham* and *L. Kennedy,* contra.

BECK, J. John S. Owens and Edgar Latham brought against F. J. Hansen an action for the recovery of land. On the trial of the suit the plaintiffs relied both upon written title and upon prescriptive title, contending, in support of their claim of prescription, that the grantor in their deed of conveyance and those under whom their grantor held possession had been in open, notorious, and continuous possession for the statutory period. The jury returned a verdict for the plaintiffs. The defendant made a motion for a new trial, which was overruled.

The charge quoted in the headnote was excepted to upon the

ground, among others, that it was "erroneous in that it permitted the jury to connect two distinct acts of possession separated by a period of several years, merely because of possible absence of intention to abandon the possession, and thus allowed the jury to find in favor of plaintiffs' alleged prescriptive title without actual possession of seven years, but merely because of the absence of the intention to abandon the land during that time." The exception points out error in the charge which requires a reversal of the judgment denying a new trial. Under this charge the jury would have been authorized to find that they might tack two separate periods of possession which in the aggregate would be equal to the period of time necessary for the ripening of the prescriptive title, although the alleged predecessors in title of the plaintiffs, and upon whose possession the latter base their claim of prescription were not actually in possession of the land in the interval between the two periods of possession, if, during that interval, they did any act which negatived the intention to abandon the property. Clearly this was error. Suppose the alleged predecessors in title of plaintiffs during the interval of time elapsing between the two periods of possession, although not in possession of the land by themselves or by a tenant holding under them, had returned the land for taxes and had frequently asserted that they claimed title to the land. The paying of the taxes and the constant assertion by word of their title would be evidence that they had not abandoned the property, and would show an intention upon their part of returning to possession of the land. But clearly such acts and sayings would not be the equivalent of open, notorious, and adverse possession of the land, all of which are essential elements of prescriptive title.

Other portions of the charge contain the infirmity which we have pointed out in the excerpt from the charge quoted above. Save in this respect, the exceptions to the charge and the rulings of the court present no valid grounds for reversal of the judgment denying a new trial.

*Judgment reversed. All the Justices concur, except Hill, J., not presiding.*